ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JUAN GABRIEL RODRÍGUEZ RAMOS Y RAQUEL ESCRIBANO ROBELLO<br><br>Peticionarios<br><br>V.<br><br>LIBERTY CABLEVISION PUERTO RICO, PUERTO RICO TELEPHONE CO. (CLARO) Y OTROS<br><br>Recurridos | TA2026CE00493 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm. AB2020CV00125<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de mayo de 2026.

Comparecen el señor Juan Gabriel Rodríguez Ramos y su esposa, la señora Raquel Escribano Robello (en conjunto, peticionarios), y solicitan que revisemos una *Orden* emitida el 17 de diciembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI).[1] Mediante el aludido dictamen, el TPI no permitió que el señor Jorge Huertas Reyes, anunciado por los peticionarios, declarara en el juicio.

Por los fundamentos que exponemos a continuación, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

**I.**

Este caso se originó el 25 de noviembre de 2020, cuando los peticionarios presentaron una *Demanda* por daños y perjuicios contra Liberty Cablevision of Puerto Rico (Liberty) y Puerto Rico Telephone Company, que operaba como Claro Puerto Rico (Claro o recurrida).[2] Alegaron que el vehículo del señor Rodríguez Ramos se

---

[1] Entrada 135 del caso AB2020CV00125 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Notificado el 18 de diciembre de 2025.
[2] *Íd.*, Entrada Núm. 1 en SUMAC.

enredó con cables de telefonía o internet pertenecientes a dichas compañías al transitar por el kilómetro 40.1 de la carretera PR-156 en Aguas Buenas, lo que provocó el vuelco de la camioneta y daños físicos. Arguyeron que las compañías conocían la condición peligrosa y no la corrigieron, por lo que reclamaron una compensación.

Durante la pendencia del pleito, los peticionarios enmendaron la *Demanda* para incluir al Municipio de Aguas Buenas y a MAPFRE PRAICO Insurance Company como codemandados.[3] Eventualmente, desistieron voluntariamente de las causas de acción instadas contra dichos codemandados y Liberty.[4]

Así las cosas, el 1 de mayo de 2023, Claro solicitó una sentencia sumaria parcial.[5] Sostuvo que los peticionarios carecían de prueba para establecer negligencia, que el accidente fue atribuible al señor Rodríguez Ramos y que faltaba una parte indispensable. En lo pertinente, incluyó como hechos no controvertidos:

> […] s. El Sr. Jorge L. Huertas, quien labora para Liberty como supervisor de fibra óptica, [Área Este], pasó por el área del accidente el fin de semana del 1 al 2 de agosto de 2020, y los postes y cables de fibra óptica estaban instalados correctamente. Anejo VI [Transcripción de la Deposición del Sr. Jorge L. Huertas, página 68, líneas 8-20]
>
> t. El Sr. Jorge L. Huertas, quien labora para Liberty como supervisor de fibra óptica, [Área Este], pasó por el área del accidente el fin de semana del 1 al 2 de agosto de 2020, y no había postes ni cables de fibra óptica sobre la carretera. Anejo VI [Transcripción de la Deposición del Sr. Jorge L. Huertas, página 68, líneas 8-20]
>
> u. En los postes de la PRTC colocados por la carretera PR-156, cerca del km 40.1, barrio Bayamoncito de Aguas Buenas existen cables de Liberty y otras entidades. [Demanda, SUMAC #1]; Anejo IV [Transcripción de la Deposición del Sr. Christian O. Morales Otero, página 6, líneas 19-25 y página 9, líneas 17-19]; Anejo V [Reporte de la PRTC]; Anejo VI [Transcripción de la Deposición del [señor] Jorge L. Huertas Reyes, página 7, líneas 1-10]; Anejo VI [Reporte de Liberty] […]

El 16 de junio de 2023, los peticionarios presentaron su oposición a la solicitud de sentencia sumaria parcial, enmendada

---

[3] *Íd.*, Entradas Núm. 32 y 75 en SUMAC.
[4] *Íd.*, Entradas Núm. 85, 88, 111 y 121 en SUMAC.
[5] *Íd.*, Entrada Núm. 101 en SUMAC.

posteriormente.[6] En síntesis, alegaron que la prueba documental y testimonial demostraba la existencia de controversias sobre la condición de los cables, la densidad de la vegetación y el deber de Claro de mantenerla podada. Indicaron que el señor Huertas Reyes declaró en su deposición sobre la ausencia de cables en la carretera el fin de semana previo al accidente, la densidad de la vegetación, la capacidad de los bambúes para desplazar los cables hacia abajo y la posibilidad de que un camión partiera un cable de Liberty o Claro. Además, señalaron que la *Notificación de Incidente* que este preparó identificó el cable objeto de controversia como perteneciente a Claro.

El 6 de agosto de 2025, el TPI denegó la solicitud de sentencia sumaria, al concluir que existían controversias de hechos medulares que debían dirimirse en el juicio.[7] Entre estas, identificó controversias sobre si los cables estaban en el suelo previo al accidente, desde cuándo, su causa, su altura, si estaban tensados en medio de la carretera y la existencia de vegetación densa. Además, señaló la *Conferencia con Antelación al Juicio* para el 16 de diciembre de 2025.

El 5 de diciembre de 2025, las partes presentaron el *Informe Enmendado de Conferencia con Antelación al Juicio*.[8] Los peticionarios anunciaron al señor Huertas Reyes como testigo, quien declararía en el juicio sobre la forma en que un cable podía romperse, la *Notificación de Incidente* y la densidad de la vegetación. Claro lo objetó por entender que el señor Huertas Reyes no fue anunciado como perito durante el descubrimiento de prueba; no presenció ni documentó los hechos, ni presentó un *currículum vitae* o un informe pericial.

Durante la *Conferencia con Antelación al Juicio*, Claro sostuvo que los peticionarios no anunciaron al señor Huertas Reyes como testigo y que este no era perito respecto a las reclamaciones de Claro.[9]

---

[6] *Íd.*, Entradas Núm. 117 y 124 en SUMAC.
[7] *Íd.*, Entrada Núm. 132 en SUMAC. Notificada el 11 de agosto de 2025.
[8] *Íd.*, Entrada Núm. 133 en SUMAC.
[9] *Íd.*, Entrada Núm. 138 en SUMAC.

Los peticionarios respondieron que era empleado de Liberty y que ya había sido depuesto.

Al próximo día, el TPI emitió una *Orden* en la que determinó no permitir que el señor Huertas Reyes declarara como testigo en el juicio.[10]

Inconforme, el 30 de diciembre de 2025, los peticionarios solicitaron reconsideración.[11] Puntualizaron que el señor Huertas Reyes fue anunciado como testigo desde el inicio del pleito; su testimonio surgía de su deposición; Claro participó activamente en dicha deposición y su declaración era pertinente porque expresó que el cable pertenecía a Claro. Por ello, arguyeron que no existía sorpresa ni perjuicio indebido que justificara su exclusión.

Por su parte, el 9 de enero de 2026, Claro presentó su oposición.[12] Alegó que objetó la inclusión del testimonio propuesto por falta de pertinencia y admisibilidad, ya que no probaba ningún hecho adjudicable sobre las controversias y ocasionaría una dilación indebida. Asimismo, manifestó que este no fue anunciado antes de culminar el descubrimiento de prueba, por lo que su identificación fue sorpresiva y la colocaba en estado de indefensión.

Evaluados los escritos, el 8 de abril de 2026, el TPI declaró No Ha Lugar la solicitud de reconsideración.[13]

Aún insatisfechos, los peticionarios presentaron el recurso de epígrafe y plantearon que el foro primario cometió el siguiente error:

> **[ERRÓ] EL TPI AL NO PERMITIR QUE HUERTAS TESTIFIQUE YA QUE SU TESTIMONIO NO LE [CAUSARÍA] PERJUICIO INDEBIDO A CLARO PORQUE [ESTE] FUE ANUNCIADO COMO TESTIGO EN EL INFORME DE MANEJO DE CASO POR EL ENTONCES DEMANDADO LIBERTY Y PORQUE CLARO LE [TOMÓ] LA DEPOSICIÓN A HUERTAS DONDE SE CUBRIERON LOS TEMAS DE LOS QUE [ÉL] [DECLARARÍA] EN CORTE.**

---

[10] Ver nota al calce Núm. 1.
[11] *Íd.*, Entrada Núm. 136 en SUMAC.
[12] *Íd.*, Entrada Núm. 139 en SUMAC.
[13] *Íd.*, Entrada Núm. 140 en SUMAC. Notificada el 8 de abril de 2026.

En esencia, manifestaron que el señor Huertas Reyes no era un testigo sorpresivo, toda vez que Liberty lo anunció en el *Informe para el Manejo de Caso* del 10 de junio de 2021 y Claro participó activamente en su deposición. Reiteraron que el testimonio propuesto surgía de dicha deposición y era esencial para establecer que el cable partido pertenecía a Claro. Por eso, arguyeron que no existía sorpresa ni perjuicio indebido que justificara su exclusión.

Por otra parte, el 4 de mayo de 2026, la recurrida presentó su alegato, en el que precisó que el error señalado no se cometió y que, conforme a la Regla 23 de Procedimiento Civil, 32 LPRA Ap. V, R. 23, los peticionarios tenían el deber continuo de informar la prueba que pretendían utilizar. Expresó que el hecho de haber depuesto al testigo propuesto, cuando fue anunciado por Liberty, no implicaba que los peticionarios pudieran anunciarlo posteriormente como perito. Adujo que el interrogatorio en la deposición habría sido distinto si los peticionarios lo hubiesen anunciado oportunamente como tal. A esto, añadió que lo observado por el señor Huertas Reyes no incidía sobre la causa del accidente y que su inclusión tardía le causaba perjuicio.

## II.

### A. *Certiorari*

El *certiorari* es un vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise discrecionalmente determinaciones interlocutorias de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391, 404 (2021); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1, limita la expedición del auto de *certiorari* para la revisión de dictámenes interlocutorios bajo las Reglas 56 y 57 de Procedimiento Civil, *supra,* y denegatorias de mociones dispositivas. *McNeil Healthcare v. Mun.*

*Las Piedras I, supra*; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). Como excepción, permite la revisión de asuntos de admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía, relaciones de familia, interés público o cuando esperar a la apelación ocasionaría un fracaso irremediable de la justicia. *Íd.*

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), R. 40, dispone los criterios que guían el ejercicio de la facultad discrecional de este foro para atender el recurso de *certiorari*, al considerar:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegatoria de la expedición del auto de *certiorari* no requiere expresar sus fundamentos ni implica una adjudicación en los méritos. *IG Builders et al. v. BBVAPR, supra*, pág. 336; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 405.

### B. Descubrimiento de prueba

El descubrimiento de prueba, al amparo de la Regla 23.1 de Procedimiento Civil, *supra*, R. 23.1, permite obtener información no privilegiada y pertinente al asunto en controversia, aunque no sea admisible en juicio, si razonablemente conduce al descubrimiento de

evidencia admisible. Nuestro ordenamiento reconoce su carácter amplio y liberal, puesto que agiliza los procedimientos y evita sorpresas indebidas en el juicio. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021).

La referida regla autoriza a requerir una lista de los testigos que se pretende utilizar en juicio, así como un breve resumen de su testimonio. También, faculta a solicitar, mediante interrogatorio, la identificación de los peritos consultados o que se pretendan presentar en juicio, la materia sobre la cual declararán, el resumen de sus opiniones y las teorías, hechos o argumentos que las sustentan.

El foro primario conserva amplia discreción para regular el descubrimiento de prueba y garantizar una solución justa, rápida y económica del caso, sin ventaja para parte alguna. *Consejo de Titulares v. Triple-S*, 2025 TSPR 82, 216 DPR __ (2025); *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465 (2022); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000). Por ello, la intervención apelativa solo procede cuando se demuestra prejuicio, parcialidad, craso abuso de discreción o error en la aplicación del derecho. *Íd.*

### C. Testimonio pericial

La Regla 702 de Evidencia, 32 LPRA Ap. VI, R. 702, permite el testimonio pericial cuando el conocimiento científico, técnico o especializado ayude al tribunal a entender la prueba o a determinar un hecho en controversia. Así, una persona cualificada conforme a la Regla 703 de Evidencia, *supra*, R. 703, podrá declarar mediante opinión o de otra manera.

La cualificación de una persona como perito no impide que las partes presenten prueba dirigida a impugnar o sostener el valor probatorio del testimonio, el cual dependerá de:

(a) si el testimonio está basado en hechos o información suficiente;
(b) si el testimonio es el producto de principios y métodos confiables;

(c) si la persona testigo aplicó los principios y métodos de manera confiable a los hechos del caso;
(d) si el principio subyacente al testimonio ha sido aceptado generalmente en la comunidad científica;
(e) las calificaciones o credenciales de la persona testigo; y
(f) la parcialidad de la persona testigo. Regla 702 de Evidencia, *supra*, R. 702.

Conforme a la Regla 703 de Evidencia, *supra*, R. 703, una persona cualifica como perito si posee especial conocimiento, destreza, experiencia, adiestramiento o instrucción suficiente sobre la materia objeto de su testimonio. Si media objeción, tales cualificaciones deberán probarse antes de que se declare como perito, mediante cualquier evidencia admisible.

Ahora bien, la cualificación de una persona como perito no obliga al juzgador a aceptar sus conclusiones, ya que conserva la facultad de evaluar su credibilidad y valor probatorio. *SLG Font Bardón v. Mini-Warehouse*, 179 DPR 322 (2010).

Asimismo, la admisibilidad del testimonio pericial está sujeta al análisis de los factores enumerados en la Regla 403 de Evidencia, *supra*, R. 403. Por tanto, aun cuando la evidencia sea pertinente, podrá excluirse si su valor probatorio queda sustancialmente superado por el riesgo de causar perjuicio indebido, confusión, desorientación del jurado, dilación indebida o presentación innecesaria de prueba acumulativa.

**III.**

En el recurso de epígrafe, los peticionarios plantearon que el TPI incidió al no permitir el testimonio del señor Huertas Reyes. En esencia, sostuvieron que dicho testigo fue anunciado desde etapas tempranas del caso, fue objeto de contestaciones a interrogatorios y fue depuesto activamente por Claro. Por tal razón, arguyeron que no existía el elemento de sorpresa o perjuicio indebido, por lo que debería permitirse su testimonio. Tras examinar sosegadamente el expediente, concluimos que les asiste la razón.

Según obró en el expediente, el 10 de junio de 2021, los peticionarios, Liberty y Claro presentaron el *Informe para el Manejo de Caso*, en el cual Liberty anunció al señor Huertas Reyes como testigo sobre sus observaciones en el área tras el accidente.[14] Este también preparó la *Notificación de Incidente*, en la que consignó que halló un poste de Claro y sus líneas partidas en el suelo, mientras las líneas de Liberty estaban en el suelo sin sufrir daños. El 16 de mayo de 2022, las partes lo depusieron sobre todos los asuntos que estimaron pertinentes, incluyendo la representación legal de Claro. Tras desistir la acción contra Liberty, los peticionarios anunciaron en el *Informe Enmendado de Conferencia con Antelación al Juicio* al señor Huertas Reyes como testigo para declarar sobre asuntos que, según alegaron, surgían de la deposición: la forma en que el cable podía romperse, la *Notificación de Incidente* y la densidad de la vegetación.

Expuesto lo anterior, no encontramos razón para excluir de plano al testigo propuesto. El expediente reflejó que las partes estaban apercibidas de que dicho testigo podía ser llamado a declarar en juicio. Claro conocía la identidad del testigo propuesto desde el *Informe para el Manejo de Caso* y participó en su deposición. Por tanto, no se trataba de un testigo desconocido ni de un testimonio enteramente ajeno al descubrimiento de prueba.

Además, el testimonio anunciado guarda relación con controversias medulares identificadas por el propio TPI, entre ellas, la condición de los cables, su ubicación y la existencia de vegetación densa en el área. De igual forma, la *Notificación de Incidente* atribuida al Sr. Huertas Reyes contiene información pertinente sobre las líneas observadas en el lugar.

Por tanto, su testimonio no sería sorpresivo, particularmente cuando emana de la deposición. A su vez, Claro no demostró que la

---

[14] *Íd.*, Entrada Núm. 39 en SUMAC.

inclusión de su testimonio le ocasione un perjuicio indebido que justifique su exclusión.

Ahora bien, nuestra determinación no implica una validación automática del testimonio propuesto ni una cualificación anticipada del señor Huertas Reyes como perito. Si se pretende presentar como un testigo pericial, corresponderá al TPI determinar su cualificación. Asimismo, de ser necesario, el foro recurrido conserva su facultad de excluir cualquier porción del testimonio cuyo valor probatorio quede sustancialmente superado por los riesgos contemplados en la Regla 403 de Evidencia, *supra*, R. 403.

Resulta meritorio aclarar que este foro apelativo no está anticipando la credibilidad del testigo propuesto. A su vez, es norma trillada que el juzgador posee la facultad de rechazar, total o parcialmente, las conclusiones de un perito si concluye que carecen de credibilidad, fundamento o valor probatorio persuasivo.

En suma, el error señalado se cometió. Tras una evaluación ponderada de la totalidad de las circunstancias de este caso, resulta forzoso concluir que el remedio adecuado no era excluir de plano el testimonio propuesto, sino permitirlo, sujeto a las correspondientes determinaciones de admisibilidad, credibilidad y valor probatorio.

**IV.**

Por los fundamentos expuestos, expedimos el auto de *certiorari* y revocamos la *Orden* recurrida. Devolvemos el caso al TPI para la continuación de los procedimientos, conforme a lo aquí resuelto.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones